UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COREY BENSON,

        Plaintiff,

     v.                                                         Case No. 22-cv-669-bhl

KAREN E. SCHOENIKE,
ANN YORK, and
ROB WEINMAN,

        Defendants.

## SCREENING ORDER

      Plaintiff Corey Benson, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter is before the Court to screen the complaint.

### PRELIMINARY MATTERS

      The filing fee for a civil case is $402, which consists of a $350 statutory fee and a $52 administrative fee. Prisoner plaintiffs who are allowed to proceed without prepaying the filing fee (*in forma pauperis*) are not required to pay the $52 administrative fee. On June 7, 2022, along with his complaint, Benson filed both a motion to proceed *in forma pauperis* and a motion for leave to use funds in his release account to pay the full $402 filing fee. On June 8, 2022, the Court ordered that if Benson wanted to proceed *in forma pauperis*, he had to pay an initial partial fee of $30.69 by July 8, 2022. Dkt. No. Benson timely paid the initial partial filing fee, but due to a clerical error, the Court was unaware that he had done so. Accordingly, on July 12, 2022, the

Court granted Benson's motion to pay the full $402 filing fee using funds in his release account and denied his motion to proceed *in forma pauperis* as moot.

On July 26, 2022, the Court learned that Benson had paid the $30.69 initial partial filing fee more than a month earlier on June 23, 2022. The Court also learned that Benson made an additional payment of $371.31 for a total payment of $402, satisfying his obligation to pay the $350 statutory fee and the $52 administrative fee. However, given that Benson timely paid the initial partial filing fee, he should have been allowed to proceed *in forma pauperis*, which would have relieved him of the obligation to pay the $52 administrative fee. Accordingly, the Court will vacate its prior denial of his motion to proceed *in forma pauperis* and will grant that motion. Because Benson is proceeding *in forma pauperis*, he must pay only the $350 statutory fee. The Court will refund the $52 administrative fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Benson explains that his right wisdom tooth was extracted on January 25, 2022. He states that he began to experience "excruciating oral pain at the extraction site," so he contacted Defendant Karen Schoenike, his institution's dental hygienist, told her about the pain, and requested an examination. According to Benson, she declined to exam him and instructed him to eat on the other side of his mouth. Benson asserts that he next complained to the health services unit and requested an oral examination. Defendant Ann York, a nurse, referred Benson back to dental services, and Rob Weinman, the health services manager, suggested offering Benson Tylenol and ice for his pain. Benson asserts that he underwent a debridement procedure on April 5, 2022.

3

# THE COURT'S ANALYSIS

To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id*. at 777-78. At this early stage of the case, the Court must construe Benson's allegations broadly. Accordingly, the Court will allow Benson to proceed on a deliberate indifference claim against Schoenike based on allegations that, despite his complaints of "excruciating" pain, she initially refused to examine his extraction site, which resulted in the debridement procedure being delayed and unnecessarily prolonged his pain.

Benson does not, however, state claims against York or Weinman. According to Benson, in response to his request for an examination of the extraction site, York referred him back to dental services. York is a nurse, not a dentist or dental hygienist, so she directed Benson's complaints to the provider trained to evaluate and assess his condition. *See Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) ("As a matter of simple common sense, few people would turn to a general practitioner physician for the treatment of a cavity or gum disease.") Although Benson asserts that he was in pain, nothing in his complaint suggests he required emergency treatment. Accordingly, the mere fact that York referred him to dental services rather than examining the extraction site herself does not support an inference that she was deliberately indifferent to his condition. *See id.*

With regard to Weinman, Benson explains that he recommended that Benson be provided with Tylenol and ice. Like York, Weinman is not a dental provider, and, as noted, nothing in the complaint suggests that Benson required emergency care. As such, the mere fact that Weinman

4

did not examine the extraction site but instead attempted to address Benson's complaints of pain until he could be seen by a dental health expert, does not support an inference that he was deliberately indifferent to Benson's condition.

**IT IS THEREFORE ORDERED** that the Court's July 12, 2022 order denying as moot Benson's motion to proceed *in forma pauperis* (Dkt. No. 8) is **VACATED,** and Benson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**. The Court's financial department is directed to refund the $52 administrative fee to Benson.

**IT IS FURTHER ORDERED** that Benson's claims against Ann York and Rob Weinman are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Benson's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Karen Schoenike.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Schoenike shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Benson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Benson may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge